**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROCMON L. SANDERS** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-5477** |
| | : | |
| **WARDEN SEAN MARLER, ET AL.** | : | |

---

**McHUGH, J.**                                                                                          **January 31, 2022**

<u>**MEMORANDUM**</u>

This is an action brought by a Rocmon Sanders, a pre-trial detainee housed at FDC Philadelphia, alleging a litany of violations related to his conditions of confinement, including violations of the First, Fourth, Fifth, Sixth, Eight, Tenth, and Fourteenth Amendments, the Religious Freedom and Restoration Act, the Privacy Act, and the Pennsylvania Constitution, as well as a number of other federal statutes. Defendants filed a Motion to Dismiss. In it, Defendants assert that Petitioner has failed to exhaust any of these claims. To determine whether Petitioner has exhausted his administrative remedies, and thus whether the Court can consider his claims on the merits, the Court converts the instant Motion to Dismiss into a Motion for Summary Judgment and provides notice and an opportunity for the parties to be heard on the issue of exhaustion.

The Prison Litigation Reform Act of 1995 ("PLRA") prevents prisoners from filing suit with respect to prison conditions under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). Proper exhaustion requires an incarcerated person to "complete the administrative review process" in compliance with all applicable procedural rules prior to filing suit in federal court. *Woodford,* 548 U.S. at 88. To determine whether Mr. Sanders properly exhausted his claim, the Court must evaluate his "compliance with

the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

Exhaustion is mandatory, *Ross v. Blake*, 578 U.S. 632, 638 (2016), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is "a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (citation and internal quotation omitted); *see also Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) ("[E]xhaustion constitutes a preliminary issue for which no right to a jury trial exists.").

It is the federal defendants' burden to establish Sanders' failure to exhaust because exhaustion is an affirmative defense. *Small*, 728 F.3d at 268. In their motion to dismiss, federal defendants attached a declaration asserting Petitioner's failure to exhaust any of his claims.[1] ECF 62-1. As the declaration is a document outside of the pleadings, I may not consider it at the motion to dismiss stage. Federal Rule of Civil Procedure 12(d) states: "If on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). I

---

[1] The declaration notes that the SENTRY database can generate an electronic record of each inmate's activity ("Administrative Remedy Generalized Retrieval Format") within the BOP's Administrative Remedy Program. ECF 62-1. The federal defendants did not attach any other documents, such as additional affidavits, declarations, or copies of Petitioner's remedy requests or administrative responses to the Motion to Dismiss.

therefore convert this motion to dismiss into a motion for summary judgment under Rule 56 for the purposes of considering the issue of exhaustion.

Prior to considering defendants' exhaustion argument, "a district court must – at a minimum – notify the parties that it will consider exhaustion in its role as a fact finder . . . before doing so." *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018). The parties may thus have "an opportunity to submit materials relevant to exhaustion that are not already before" the Court so the Court can determine whether Sanders properly exhausted his remedies.[2] *Id.*

Accordingly, as consideration of the issue of exhaustion compels the Court to consider matters outside the pleadings, it is therefore appropriate to consider the issue in the context of summary judgment and to provide the parties notice and an opportunity to be heard on this issue. An appropriate order follows.

 /s/ Gerald Austin McHugh
United States District Judge

---

[2] If federal defendants can produce evidence to show Sanders "failed to resort to administrative remedies, the onus falls on [Sanders] to show that such remedies were unavailable to him." *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018).